UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD W. BRYAN,

          Petitioner,

v.

PATRICK GLEBE,

          Respondent.

CASE NO. C13-5828 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

    This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 14), and Petitioner Richard W. Bryan's ("Bryan") objections to the R&R (Dkt. 15).

    Bryan filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a disciplinary hearing where he was sanctioned to 5 days disciplinary segregation, lost 5 days of good time credits, and lost extended family visits for three years. Bryan does not contest the validity of his underlying conviction. Dkt. 1. Respondent Patrick Glebe filed an answer and submitted relevant portions of the state court record. Dkts. 11 and 12. Bryan submitted a reply. Dkt. 13.

    On December 16, 2013, Judge Strombom issued an R&R recommending Bryan's petition be denied and the action dismissed with prejudice because Bryam did not

1   properly exhaust his claims and is procedurally barred from returning to state court. Dkt.
2   14. On January 3, 2013, Bryan filed objections to the R&R arguing that Judge Strombom
3   erred in finding his petition procedurally barred and failing to remand it back to state
4   court so he could pursue his unexhausted claims. Dkt. 15.

5       The district judge must determine de novo any part of the magistrate judge's
6   disposition that has been properly objected to. The district judge may accept, reject, or
7   modify the recommended disposition; receive further evidence; or return the matter to the
8   magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

9       Bryan objects to the R&R on what appears to be three bases. He seems to argue
10  that (1) his petitions to state courts were timely, thus Judge Strombom improperly used
11  their untimeliness as support for her conclusion that his petition is procedurally barred;
12  (2) Judge Strombom misinterprets RCW 10.73.140 and RAP 16.4(d) and, therefore,
13  incorrectly concludes that his petition is procedurally barred; and (3) to uphold Judge
14  Strombom's decision and not remand his petition back to state court would be "a
15  fundamental miscarriage of justice," he is "probably … actually innocent," he has and is
16  acting pro se, his petition would not be deemed successive or an abuse of writ, and the
17  "ends of justice" would be served. (Dkt. 15 at 8)

18      Bryan argues that the Washington Court of Appeals and the Washington Supreme
19  Court never found his petitions untimely; therefore, Judge Strombom is incorrect in her
20  use of untimeliness as a basis to find that his present petition is procedurally barred. Dkt.
21  15 at 3-4.

22

1       Bryan misunderstands Judge Strombom's recommendation: she did not base her

2 recommendation that Bryan's petition is procedurally barred due to the untimely filing of

3 his petitions with the aforementioned courts. *See* Dkt. 14. Judge Strombom properly

4 recited and analyzed the procedural history of Bryan's petitions in arriving at her

5 conclusions. With regard to the procedural history itself, she correctly stated:

> Petitioner filed a personal restraint petition and an opening brief in the Washington State Court of Appeals. ECF No. 12, Exhibit Exhibits 4 and 5. Petitioner argued that prison officials denied him due process under the Fourteenth Amendment because petitioner could not obtain the evidence he was seeking from PA Tucker. ECF No. 12, Exhibit 5, pp 3-4.
>
> Petitioner specifically mentioned the Fourteenth Amendment to the United States Constitution in both his petition and his opening brief. ECF No. 12, Exhibits 4 and 5.
>
> The Washington State Court of Appeals denied the petition finding no due process violation. ECF No. 12, Exhibit 8. Petitioner filed a motion for reconsideration mentioning only the term "due process" and raising different claims then those he raised in his original petition including claims relating to the Americans with a Disabilities Act and an argument that prison officials had to allow the sample to be taken by oral swabs instead of a urine sample. ECF No. 12, Exhibit 9. The Washington State Court of Appeals sent petitioner's motion to the Washington State Supreme Court to be addressed as a motion for discretionary review. ECF No. 12, Exhibit 10. The Washington State Supreme Court Commissioner denied the motion for discretionary review. ECF No. 12, Exhibit 3.
>
> Petitioner then filed a motion for reconsideration in the Washington State Supreme Court. ECF No. 12, Exhibit 11. Petitioner did not inform the Washington State Supreme Court that he wanted to raise a federal claim in either the motion for discretionary review or the motion for reconsideration. ECF No. 12, Exhibits 9 and 11. The claims that petitioner raised in the Washington State Supreme Court are also different from the ones he raised in his personal restraint petition. ECF No. 12, Exhibits 4 and 5. The Washington State Supreme Court denied petitioner's motion for reconsideration without comment on March 6, 2013. ECF No. 12, Exhibit 12.

21 Dkt. 14 at 3-4.

1  After thoroughly reviewing the procedural history, Judge Strombom properly
2  concluded that under RCW 10.73.140[1] and RAP 16.4(d)[2] Bryan's petition is procedurally
3  defaulted and he had not demonstrated good cause, prejudice or a fundamental
4  miscarriage which would allow remand. Dkt. 14 at 9-11. In his objections, Bryan does
5  not demonstrate otherwise.

6  As Judge Strombom found, nothing prevented Bryan from including his
7  unexhausted claims in his original personal restraint petition ("PRP"). *Id*. at 11 and
8  *Otberg v. Moody*, 961 F. 2d 135, 138 (9th Cir. 1992) (petitioner must have exhausted
9  every claim at every level of appeal in the state courts). Additionally, Judge Strombom
10 correctly found that nothing prevented Bryan from informing the Washington State
11 Supreme Court that he was raising a federal constitutional claim. *Id*. It is not enough

---

[1] RCW 10.73.140 states:
If a person has previously filed a petition for personal restraint, the court of appeals will not consider the petition unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition. Upon receipt of a personal restraint petition, the court of appeals shall review the petition and determine whether the person has previously filed a petition or petitions and if so, compare them. If upon review, the court of appeals finds that the petitioner has previously raised the same grounds for review, or that the petitioner has failed to show good cause why the ground was not raised earlier, the court of appeals shall dismiss the petition on its own motion without requiring the state to respond to the petition. Upon receipt of a first or subsequent petition, the court of appeals shall, whenever possible, review the petition and determine if the petition is based on frivolous grounds. If frivolous, the court of appeals shall dismiss the petition on its own motion without first requiring the state to respond to the petition.

[2] RAP 16.4(d) states:
The appellate court will only grant relief by a personal restraint petition if other remedies which may be available to petitioner are inadequate under the circumstances and if such relief may be granted under RCW 10.73.090, .100, and .130. No more than one petition for similar relief on behalf of the same petitioner will be entertained without good cause shown.

1  that all facts necessary to support the federal claim were before the state courts or that a
2  somewhat similar state law claim was made. *Duncan v. Henry*, 315 U.S. 367, 365-66
3  (1995).  A petitioner must apprise the state court that an alleged error is not only a
4  constitutional violation of state law, but also violation of the federal Constitution. *Id.*
5  Despite Bryan's contentions to the contrary (Dkt. 15 at 7), to properly exhaust his claims,
6  he must have included a reference to a specific federal constitutional guarantee, as well as
7  a statement of facts that entitled him to relief, i.e. vague references to broad constitutional
8  principles such as due process are not enough. *Gray v. Netherland*, 518 U.S. 152, 162-63
9  (1996).  As Judge Strombom put it, Bryan "simply abandoned or altered his original
10 claims when he filed his motion for discretionary review." *Id.*

11     The Court having considered the R&R, Plaintiff's objections, and the remaining
12 record, does hereby find and order as follows:

13     (1)    The R&R is **ADOPTED**;

14     (2)    This action is **DISMISSED;** and

15     (3)    A certificate of appealability is **DENIED**.

16     Dated this 10th day of February, 2014.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge